## MRS. H. CLAY FOX *v.* SAMUEL TIPTON.

**Judgment—Sale of Real Estate—Description.**

A judgment ordering the sale of real estate, which in itself fails to describe the particular real estate, is erroneous and will be reversed.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

March 5, 1875.

OPINION BY JUDGE PETERS:

The judgment, as copied in this case, orders a sale of so much of the personal property of Mrs. H. C. Fox, exempt from execution, as will be sufficient to pay the plaintiff the sum of $146.21, with interest from January 1, 1873, until paid, and the costs. And for any balance that might remain unpaid after exhausting the personalty, a sale is ordered of so much of the landed estate of said Mrs. H. C. Fox as may be required to pay the same.

We think there is evidently a mistake in the copy of the judgment before us, and that the word "not" preceding the word exempt was omitted by the copyist, and should be so regarded. But it does not appear in the record that Mrs. H. C. Fox has personal estate sufficient to pay the debt; indeed, it may be inferred from what does appear that she has not personal property subject to execution sufficient to pay said judgment; and it may be necessary, therefore, to sell a part of her real estate. And as this judgment contains no description of any of her real estate except that she has lands in the counties of Clark and Montgomery, which, as has often been decided by this court, is too general and uncertain, imposing the burden on the commissioner of going into the country, after searching out from the record of titles the location and description of her land, of locating it, and then deciding what part, if all should not be required, should be sold, making his duty partly judicial as well as ministerial.

As, therefore, there is no particular description of the land in the judgment, which would identify it and enable the commissioner, without resort to other means, to ascertain the identical land to be sold, the judgment is erroneous.

If it becomes necessary to make the requisite identity of the land, the court can send out his master, with the surveyor, and lay off by metes and bounds from one end or side of the land so much as may be deemed necessary to pay the debt and cost, including the surveyor's fee and the allowance to the master.

For the error alone of failing to define precisely, in the judgment, the land to be sold, if a sale of land should be necessary, the judgment of the court below is *reversed,* and the cause is remanded for a judgment and for further proceedings consistent herewith.

If there is no mistake in the copy of the judgment before us, and the word "not" before exempt is omitted, that omission will be corrected on the return of the cause.

*A. J. James, for appellant.*
*Apperson & Reid, for appellee.*